IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JOHNNY BRETT GREGORY,<br>Reg. No. 57012-019,<br>    Petitioner,<br><br>v.<br><br>J. SCOTT WILLIS, Warden,<br>    Respondent. | § § § § § § § § § | EP-17-CV-352-PRM |

## MEMORANDUM OPINION AND ORDER

On this day, the Court considered Petitioner Johnny Brett Gregory's "Petition for Writ of Habeas Corpus" under 28 U.S.C. § 2241 [hereinafter "Petition"] (ECF No. 1), filed on November 12, 2017, in the above-captioned cause. Therein, Petitioner asks the Court to intervene on his behalf and order Respondent J. Scott Willis to consider him for twelve months' placement in a residential reentry center, in accordance with his understanding of the Second Chance Act. Pet. 2, 18.

After due consideration, the Court will dismiss the Petition because Petitioner has failed to exhaust his administrative remedies and, in the alternative, because Petitioner is not entitled to § 2241 relief.

1

## I. BACKGROUND

On July 19, 2005, county and federal law enforcement officers executed a search warrant at Petitioner's home in Dalton, Whitfield County, Georgia. *See* Order 22, Oct. 15, 2007, ECF No. 34, *United States v. Gregory*, 4:06-CR-10-HLM (N.D. Ga.). The officers found more than 50 grams of methamphetamine in Petitioner's bedroom. They also found a handgun on the nightstand next to Petitioner's bed. *Id.* at 23.

Petitioner pleaded guilty to possessing at least fifty grams of methamphetamine with the intent to distribute, and possessing a firearm in furtherance of a drug trafficking crime. *See* J. Crim. Case, Oct 23, 2006, ECF No. 27, *United States v. Gregory*, 4:06-CR-10-HLM (N.D. Ga.). Petitioner was sentenced to an aggregate term of 180 months' imprisonment. *Id.*

In his petition, Petitioner claims he "has a projected release date of August 10, 2019." Pet. 1. He asks the Court to order Respondent to consider him for placement in a residential reentry center for twelve months or "the maximum amount of time" before his ultimate release from Bureau of Prisons' ("BOP") custody. *Id.* at 18.

## II. APPLICABLE LAW

A writ of habeas corpus under 28 U.S.C. § 2241 provides a basis for relief for prisoners who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (2012). It provides the proper procedural vehicle in which to raise an attack on "the manner in which a sentence is executed." *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). A court must order a respondent to show cause as to why a petition pursuant to § 2241 should not be granted "unless it appears from the [petition] that the [petitioner] or person detained is not entitled thereto." 28 U.S.C. § 2243 (2012).

## III. ANALYSIS

### A. Failure to Exhaust Administrative Remedies

An initial issue a court must address when screening a § 2241 petition is whether the petitioner has exhausted his administrative remedies. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam). A petitioner seeking habeas relief must first exhaust all administrative remedies that might provide appropriate relief. *Id.*; *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993). "Exceptions to the

exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Fuller*, 11 F.3d at 62 (internal citations omitted). Exceptions may be made only in "extraordinary circumstances," which the petitioner bears the burden to establish. *Id.*

Petitioner concedes that he has not exhausted his claims through the BOP administrative review process. Pet. 7-18. He asks that the Court excuse him from exhausting administrative review "due to futility." *Id.* at 14.

The BOP uses a three-tiered Administrative Remedy Program to review inmate complaints relating to all aspects of their imprisonment. 28 C.F.R. §§ 542.10–542.19. A federal prisoner must generally pursue the procedures set forth in the program prior to seeking relief in a district court. *Rourke*, 11 F.3d at 49. Thus, Administrative remedies are available and not wholly inappropriate for obtaining relief from aspects of imprisonment that Petitioner seeks.

Petitioner claims that "[b]y the time a full exhaustion could be had, the Petitioner would then be inside the twelve months before his release date making his petition essentially moot." Pet. at 17. Petitioner notes, however, that his projected release date is August 10, 2019. *Id.* at 1. He gives no indication that he has even initiated the administrative review process. While exhaustion of remedies may take time, "there is no reason to assume that . . . prison administrators . . . will not act expeditiously." *Preiser v. Rodriguez*, 411 U.S. 475, 494–95 (1973). An attempt to exhaust administrative remedies would not be a patently futile course of action.

Petitioner also claims that the BOP "has taken a position that they are not placing anyone in an RRC for longer than six months despite the Act granting all inmates the right to be considered for up to twelve months." *Id.* at 15. Specifically, he claims that former BOP Director Harley Lappin[1] "has taken a strong position on the issue [of allowing

---

[1] Harley Lappin served as the Director of the Bureau of Prisons from April 4, 2003, until May 7, 2011. *See* Bureau of Prisons Director Resigns after Arrest for Drunk Driving: Who is Harley Lappin? AllGov.com (Apr. 1, 2011), http://www.allgov.com/news/

5

prisoners more than six months in a residential reentry center] and has thus far been unwilling to reconsider." *Id.* at 11. If the BOP fails in some way to timely and correctly evaluate Petitioner for placement in a residential reentry center, the BOP, not a court, should have the first opportunity to rectify the error. *See Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir. 1991) (explaining an agency should be given opportunity to correct its own error before an aggrieved party seeks judicial intervention). Once again, an attempt to exhaust administrative remedies would not be a patently futile course of action.

In sum, Petitioner provides nothing to show the type of extraordinary circumstances needed to justify failure to exhaust administrative remedies, and dismissal is warranted on that basis alone. *See Rivkin v. Tamez*, 351 F. App'x 876, 877–78 (5th Cir. 2009) (per curiam) (affirming dismissal of prisoner's § 2241 petition arguing violation of the Second Chance Act for failure to exhaust administrative

---

appointments-and-resignations/bureau-of-prisons-director-resigns-after-arrest-for- drunk-driving-who-is-harley-lappin?news=842441, last visited Dec. 18, 2017.

remedies). Moreover, even if Petitioner had exhausted his administrative remedies, he would still not be entitled to relief.

## B. The Petition Fails on the Merits

The Court notes that two statutes govern the BOP's discretion to place an inmate. The first statute, 18 U.S.C. § 3621(b), grants the BOP the authority and discretion to designate the place of confinement. Under § 3621(b), the BOP:

> may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise [such as a halfway house] and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable.

18 U.S.C. § 3621(b) (2012). In making this determination, the BOP must consider "(1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence . . . and (5) any pertinent policy statement issued by the Sentencing Commission[.]" *Id.*

The second statute, the Second Chance Act, Pub. L. 110–199, 122 Stat. 692 (Apr. 9, 2008), directs "a shift from policing those on parole to rehabilitating them" and places on the "parole system . . . an increasing special obligation to help federal offenders successfully reenter into society." *United States v. Wessels*, 539 F.3d 913, 915 (8th Cir. 2008) (Bright, J., concurring). The Act authorizes funding for drug treatment, job training and placement, educational services, and other services or support needed to rehabilitate prisoners and reduce recidivism. *Id.* The Act also addresses home confinement and RRC placement. 18 U.S.C. § 3624(c) (2012). Relevant to the instant Petition, the Act modifies 18 U.S.C. § 3624(c) to grant BOP staff the discretion to place a prisoner in a community corrections facility for up to twelve months, instead of limiting that time to six months as permitted by the prior law. *Id.* The Act also directs the BOP to issue new regulations to ensure that placements in community correctional facilities are "(A) conducted in a manner consistent with section 3621(b) of this title; (B) determined on an individual basis; and (C) of sufficient duration to provide the greatest likelihood of successful reintegration into the community." *Id.*

§ 3624(c)(6). The BOP adopted regulations implementing this law, codified at 28 C.F.R. §§ 570.20–.22, effective October 21, 2008. Both the statute and the regulations instruct the BOP to make a determination on the amount of time a prisoner should spend in a residential reentry center "on an individual basis." *Id.*; 28 C.F.R. § 570.22.

The Supreme Court has consistently held that a prisoner has no constitutional right to be confined in any particular prison. *See McKune v. Lile*, 536 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); *Sandin v. Conner*, 515 U.S. 472, 478 (1995) ("[T]he Due Process Clause did not itself create a liberty interest in prisoners to be free from intrastate prison transfers."); *Meachum v. Fano*, 427 U.S. 215, 224 (1976) ("The conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in any of its prisons."). The Attorney General, and by delegation the BOP, has exclusive authority and discretion to designate the place of an inmate's confinement. *Moore v. United States Att'y Gen.*, 473 F.2d 1375, 1376 (5th Cir. 1973); *Ledesma v. United States*, 445 F.2d 1323, 1324 (5th Cir.

1971). "[A]ny approach that puts the judicial branch in charge of designating the place of confinement for a federal prisoner—no matter how well justified on utilitarian grounds—collides with 18 U.S.C. § 4082(b), which gives the Attorney General unfettered discretion to decide where to house federal prisoners." *In re Gee*, 815 F.2d 41, 42 (7th Cir. 1987).[2]

Moreover, Petitioner is not entitled to judicial relief for an alleged "violation of his Fifth Amendment right to due process because 'the failure to receive relief that is purely discretionary in nature does not amount to a deprivation of a liberty interest.'" *Assaad v. Ashcroft*, 378 F.3d 471, 475 (5th Cir. 2004) (quoting *Mejia Rodriguez v. Reno*, 178 F.3d 1139, 1146 (11th Cir. 1999) (citing *Conn. Bd. of Pardons v. Dumschat*, 452 U.S. 458, 465 (1981))); *accord Nativi–Gomez v. Ashcroft*, 344 F.3d 805, 808 (8th Cir. 2003); *see also Munoz v. Ashcroft*, 339 F.3d 950, 954 (9th Cir. 2003) ("Since discretionary relief is a privilege . . . , denial of such relief cannot violate a substantive interest protected by the Due

---

[2] The statutory language in 18 U.S.C. § 4082(b) was re-codified through Pub. L. 94-473, Title 2 II, § 212(a)(2), Oct. 12, 1984, and is currently found at 18 U.S.C. § 3621(b).

Process clause."); *cf. Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997) ("[A] statute which 'provides no more than a mere hope that the benefit will be obtained . . . is not protected by due process.'") (alteration in original) (quoting *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 11 (1979)).

Thus, the BOP has exclusive authority and discretion to determine if and when to assign an inmate to a residential reentry program. Even if Petitioner had exhausted his remedies through the BOP administrative review process, he would still not be entitled to relief from the Court because the Petition fails on the merits.

## IV. CONCLUSIONS AND ORDERS

Accordingly, the Court finds that Petitioner has not exhausted his administrative remedies and that Petitioner has no constitutional or statutory right to a residential reentry center placement. The Court concludes Petitioner is not entitled to § 2241 relief.

The Court, therefore, enters the following orders:

**IT IS ORDERED** that Petitioner Johnny Brett Gregory's "Petition for Writ of Habeas Corpus" under 28 U.S.C. § 2241 (ECF No. 1) is

**DISMISSED WITHOUT PREJUDICE** because his claims are not administratively exhausted and, in the alternative, because he is not entitled to 28 U.S.C. § 2241 relief.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED** as moot.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

**SO ORDERED.**

SIGNED this ___21___ day of **December, 2017**.

_____
PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE